UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLEY J. CLARK, | No. 2:17-cv-2320-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Charley Clark seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 12, 13.) No optional reply brief was filed. For the reasons discussed below, the court AFFIRMS the Commissioner's final decision by granting the Commissioner's motion for summary judgment.

The court reviews the Commissioner's decision to determine whether (1) it is based on

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 8.)

1

proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

as a whole supports it. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

evidence is more than a mere scintilla, but less than a preponderance. <u>Connett v. Barnhart</u>, 340

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th

Cir. 2007), quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ambiguities." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The

court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

interpretation." <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008).

In this case, the ALJ found that plaintiff suffered from severe impairments such as

congestive heart failure, cardiomyopathy/drug induced cardiomyopathy and obesity, and assessed

plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned
> finds that the claimant has the residual functional capacity to
> perform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b), except the claimant is able to lift, carry, push, or pull
> ten pounds frequently, twenty pounds occasionally; occasionally
> climb ramps and stairs, no climbing of ladders, ropes or scaffolds;
> no exposure to unprotected heights or moving mechanical parts. He
> can occasionally balance, stoop, kneel, crouch, or crawl; and have
> occasional exposure to extreme cold or heat, vibration, smoke,
> fumes, or other pulmonary irritants. He can sit for six hours, and
> can stand and walk for four hours each, alternating to another
> position for ten minutes, after every one hour remaining on task
> throughout.

(AT 40, 43.) Plaintiff's sole contention on appeal is that the ALJ improperly discounted

plaintiff's testimony concerning his symptoms and functional limitations.

In <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit Court of

Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective
> pain or symptoms is credible, an ALJ must engage in a two-step
> analysis. First, the ALJ must determine whether the claimant has
> presented objective medical evidence of an underlying impairment
> which could reasonably be expected to produce the pain or other
> symptoms alleged. The claimant, however, need not show that her
> impairment could reasonably be expected to cause the severity of the

1
2
3
> symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

4
5
6
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. . . .

7    Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the

8    ALJ is not required to believe every allegation of disabling pain, or else disability benefits would

9    be available for the asking...." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

10        "The ALJ must specifically identify what testimony is credible and what testimony

11   undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685,

12   693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

13   1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the

14   "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or

15   between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and

16   testimony from physicians and third parties concerning the nature, severity, and effect of the

17   symptoms of which [claimant] complains.'" Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.

18   2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.

19   1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the

20   court "may not engage in second-guessing." Id. at 959.

21        Here, the ALJ provided specific, clear, and convincing reasons for discounting plaintiff's

22   testimony regarding a disabling degree of symptoms and functional limitations.

23        First, the ALJ reasonably concluded that plaintiff's allegations were inconsistent with the

24   medical opinion evidence, which uniformly indicated that plaintiff was capable of performing a

25   reduced range of light work consistent with the ALJ's RFC. (AT 46-47.) To the extent that

26   plaintiff's briefing suggests that the medical opinion evidence was not a proper basis for

27   discounting plaintiff's credibility, that argument is patently frivolous. Moreover, the medical

28   opinion evidence was consistent with the weight of the treatment records which, as the ALJ

1    discussed, largely showed normal respiratory effort, no murmurs, regular heart rate and rhythm,

2    no edema, no chest pain, no palpitations, no syncope, no exertional dyspnea, and denials of

3    fatigue.  (AT 44-47, see, e.g., AT 500-01, 505, 511-12, 515, 518-19, 525-26, 531-32, 607, 614,

4    621, 649.)[2]

5         Second, the ALJ legitimately referenced plaintiff's conservative treatment, which

6    generally consisted of medication management and a recommendation to increase activity.  (AT

7    47, 78.)  See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated

8    that evidence of conservative treatment is sufficient to discount a claimant's testimony regarding

9    severity of an impairment").

10        Third, the ALJ properly found that plaintiff's daily activities were inconsistent with his

11   allegations of disability.  (AT 47.)  "While a claimant need not vegetate in a dark room in order to

12   be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports

13   participation in everyday activities indicating capacities that are transferable to a work

14   setting....Even where those activities suggest some difficulty functioning, they may be grounds

15   for discrediting the claimant's testimony to the extent that they contradict claims of a totally

16   debilitating impairment."  Molina, 674 F.3d at 1112-13 (citations and quotation marks omitted);

17   see also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly considered

18   claimant's ability to care for her own needs, cook, clean, shop, interact with her nephew and

19   boyfriend, and manage her finances and those of her nephew in the credibility analysis); Morgan

20   v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ's determination regarding

21   claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his

22   friend's child" was a specific finding sufficient to discredit the claimant's credibility).

23   ////

24   _____

25   [2] In January 2014, plaintiff was admitted to the hospital for congestive heart failure with an
     ejection fraction of less than 20%.  However, further testing revealed normal cardiac enzymes and
26   no vessel disease, and the consulting cardiologist concluded that plaintiff's condition was likely
     due to toxin-induced cardiomyopathy, specifically methamphetamine use.  (AT 44-45, 458.)  As
27   the ALJ observed, plaintiff subsequently improved with treatment, with echocardiograms and x-
     rays showing only mild congestive heart failure and increased ejection fraction over time.  (AT
28   47.)

4

1    Here, the ALJ noted that:

2
         Regarding his activities of daily living, the claimant indicated the
3        ability to take care of himself and his sick mother, including making
         meals and going shopping.  He also takes care of his home, including
4        doing the chores, such as taking the trash out, cleaning the floor,
         washing the dishes, washing the clothes, and doing the yard work.
5        In addition, the claimant does ranch work, including carrying 35-
         pound buckets twice a day to feed the horses.  He also drives up to
6        fifty miles at a time.

7    (AT 47; see also AT 41-42.)  To be sure, the record also contains some contrary evidence,

8    suggesting that plaintiff's activities were more limited.  However, it is the function of the ALJ to

9    resolve any ambiguities, and the court finds the ALJ's assessment to be reasonable and supported

10   by substantial evidence.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (affirming

11   ALJ's credibility determination even where the claimant's testimony was somewhat equivocal

12   about how regularly she was able to keep up with all of the activities and noting that the ALJ's

13   interpretation "may not be the only reasonable one").  As the Ninth Circuit explained:

14
         It may well be that a different judge, evaluating the same evidence,
15       would have found [the claimant's] allegations of disabling pain
         credible.  But, as we reiterate in nearly every case where we are
16       called upon to review a denial of benefits, we are not triers of fact.
         Credibility determinations are the province of the ALJ...Where, as
17       here, the ALJ has made specific findings justifying a decision to
         disbelieve an allegation of excess pain, and those findings are
18       supported by substantial evidence in the record, our role is not to
         second-guess that decision.
19   Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

20        In sum, the court concludes that the ALJ's credibility evaluation was supported by the

21   record and by the proper analysis.  Consequently, the ALJ's decision was free from prejudicial

22   error and supported by substantial evidence in the record as a whole.

23        Accordingly, IT IS HEREBY ORDERED that:

24   1.  Plaintiff's motion for summary judgment (ECF No. 12) is DENIED.

25   2.  The Commissioner's cross-motion for summary judgment (ECF No. 13) is

26       GRANTED.

27   3.  The final decision of the Commissioner is AFFIRMED.

28

1      4. The Clerk of Court shall close this case.

2    Dated: November 13, 2018

3

4                                              _____
                                               KENDALL J. NEWMAN
                                               UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28